[No. B039282. Second Dist., Div. Three. Mar. 30, 1989.]

**[As modified Apr. 18, 1989.]**

EDMUND ARNE MATTHEWS, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Charles Gessler, Roy Wallen and Henry J. Hall, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Ira Reiner, District Attorney, Harry B. Sondheim and Brent Riggs, Deputy District Attorneys, for Real Party in Interest.

OPINION

KLEIN, P. J.—Edmund Arne Matthews is seeking a peremptory writ of mandate directing the respondent court (1) to grant his motion pursuant to Penal Code section 190.3[1] to require the prosecution to specify the events and witnesses upon which it intends to rely during the penalty phase of his trial for murder (§ 187, subd. (a)) with the special allegation he was engaged in the commission of rape at the time of the murder (§ 190.2, subd. (a)(17)) and for rape (§ 261, subd. (2)); and (2) to instruct the jury that intent to kill is an element of the felony pursuant to *In re Baert* (1988) 205 Cal.App.3d 514 [252 Cal.Rptr. 418]. We stayed the action, notified the parties of our intent to issue a peremptory writ of mandate in the first instance, and requested opposition. (See Cal. Rules of Court, rule 60; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].) Having fully reviewed the record, we hold (1) the defense was improperly denied discovery pursuant to section 190.3; and (2) the trial court is bound by *In re Baert*. In view of the fact that issuance of an alternative writ would add nothing to the full presentation already made, we conclude this is a proper case for issuance of the relief requested in the first instance and direct the issuance of a peremptory writ.

DISCUSSION

I

In pertinent part, section 190.3 provides: "Except for evidence in proof of the offense or special circumstances which subject a defendant to the death penalty, no evidence may be presented by the prosecution in aggravation unless notice of the evidence to be introduced has been given to the defend-

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

ant within a reasonable period of time as determined by the court, *prior* to trial. Evidence may be introduced without such notice in rebuttal to evidence introduced by the defendant in mitigation." (Italics added.)

■ Section 190.3 is construed as requiring *pretrial notice of the actual evidence* on which the prosecution intends to rely to establish aggravating factors at the penalty phase. (*People* v. *Jennings* (1988) 46 Cal.3d 963, 986-987 [251 Cal.Rptr. 278, 760 P.2d 475]; *Keenan* v. *Superior Court* (1981) 126 Cal.App.3d 576, 586-587 [177 Cal.Rptr. 841] (*Keenan I*).) The purpose of the notice provision is to afford capital defendants notice of the evidence actually to be used at the penalty phase without the need to utilize the discovery procedures used to obtain information about the evidence on which the prosecution is relying to establish guilt. (*People* v. *Jennings, supra,* 46 Cal.3d at p. 987.)

This purpose is accomplished by requiring the prosecution to reveal all matters it may present during the penalty phase and by excluding all matters of which the defense was not notified. (*People* v. *Keenan* (1988) 46 Cal.3d 478, 524 [250 Cal.Rptr. 550, 758 P.2d 1081] (*Keenan II*).)

Here, the prosecution served a notice of intent to offer the following evidence: "1. The facts of the present offense, excepting those portions of other acts on which the defendant was acquitted.

"2. All prior felony convictions of the defendant as shown on his CII and FBI sheets which contain acts of violence, attempted violence, and attempted violence and/or threats of violence.

"3. Defendant's character in the community including, but not limited to, his living habits, his school records and actions in school, his background and training, and all such other factors as provided for in § 190.3 California Penal Code.

"4. All relevant and admissible evidence as permitted by case law and § 190.3 of the Penal Code.

"As to such evidence not yet received by the People, this notice recognizes that discovery is continuing and shall provide cunsel [*sic*] for the defendant with all such materials as they are received. However, defendant's living conditions, violence intra and inter family are those things available to the defendant as well as to the People."

Defendant contends the notice is not alleged with sufficient specificity to give actual notice of the evidence in aggravation to be presented by the prosecution at the penalty phase.[2]

The only pretrial opinion concerning notice of the particular evidence to be introduced in support of the aggravated circumstances is *Keenan I, supra,* 126 Cal.App.3d at page 587, in which a writ of mandate was granted, directing that defendant be given "notice of the particular evidence" to be introduced in support of the charge of aggravated circumstances.

*Keenan I* held "it is clear that the Legislature intended that defendants charged with special circumstances justifying the imposition of the death penalty be informed of the evidence to be used in aggravation within a reasonable period *before* the trial commences in order to properly prepare for the penalty phase." (126 Cal.App.3d at p. 587.)

Our Supreme Court in several recent opinions in automatic appeals have addressed the section 190.3 notice requirements. In *People* v. *Howard* (1988) 44 Cal.3d 375 [243 Cal.Rptr. 842, 749 P.2d 279], specific notice of the evidence to be used during the penalty phase was given after the guilt phase had terminated but as soon as the prosecution became aware of its existence. The trial court directed the prosecution to provide to the defense within a week all information relating to the newly discovered evidence and continued the case for three and one-half weeks in order to allow the defense time to prepare. (*Id.* at pp. 419-424.) The *Howard* court found "the statutory purpose of advising an accused of the evidence against him in order to afford him a reasonable opportunity to prepare his defense at the penalty trial was met under the conditions here. Defendant was given *specific notice of the evidence* as soon as the prosecutor was aware of its existence. He was given extra time to prepare and never requested more. . . . We therefore conclude that even though the notice was not given until after the guilt phase had terminated, any error which may have occurred was not prejudicial nor was it reasonably possible that the penalty verdict was affected." (*Id.* at p. 425.)

The defense challenged the lack of specificity in the section 190.3 notice in *People* v. *Grant* (1988) 45 Cal.3d 829 [248 Cal.Rptr. 444, 755 P.2d 894], contending the notice did not comply with the definition of evidence set

---

[2]Since the filing of this petition, the People have provided defendant's counsel with police reports relating to defendant's prior contacts with the police without specifying what portions, if any, will actually be used during the penalty phase.

forth in Evidence Code section 140.[3] The notice given to the defense in *Grant* gave the date, place and charge of three specific prior felony conviction as well as the date, place, nature, and victim of seven additional criminal acts the prosecution intended to utilize during the penalty phase. (*Id.* at pp. 853-854.) The *Grant* court found the notice adequate to fulfill the statutory purpose of giving the defense notice sufficient to afford a reasonable opportunity to prepare a defense at the penalty phase, commenting that if the defense wanted additional information about the matters set forth in the notice, he needed only to make a pretrial discovery motion and, in fact, had successfully made such a motion thereby learning further details of the evidence. (*Id.* at p. 854.)

Following the issuance of the peremptory writ in *Keenan I,* the trial court ordered the prosecution to supply notice of "specific incidents" to be used in "aggravation," names and current addresses "of all witnesses," a list of the "physical evidence" to be introduced, and to update the names and addresses of all witnesses. Because the defense had been required to make several discovery motions to obtain the needed information, our Supreme Court, in *Keenan II, supra,* 46 Cal.3d at page 521, the subsequent automatic appeal following the entry of the death penalty, commented: "We do not applaud the prosecution's effort to make its notice and discovery efforts as unhelpful as possible . . . ." Although our Supreme Court found no reversible prejudice (*ibid.*), it condemned the prosecution's conduct: "The prosecution in this case unwisely took a 'hard line' on discovery, disclosing information grudgingly and in a form calculated to impose the maximum burden on defense investigation efforts. . . . The substantial energy expended by the prosecution might best have been allocated elsewhere." (*Id.* at pp. 523-524.)

■ The essence of our Supreme Court's comments in *Keenan II* is that the prosecution has a duty to comply with both the spirit and the letter of the statutory mandate of section 190.3, i.e., to provide to the defense *before* trial notice of the actual evidence the prosecution intends to introduce at the penalty phase. The purpose of the statutory provision is clear: To require the prosecution and the defense to resolve problems relating to section 190.3 notice prior to trial to give the defense a reasonable opportunity to prepare a defense for the penalty phase. Resolution of any notice dispute *prior* to trial will avoid the undesirable disruption of orderly trial proceedings occasioned by continuances due to prosecutorial procrastination in complying with section 190.3 notice requirements. When, as here, the prosecution insists on

---

[3] In pertinent part, Evidence Code section 140 defines "evidence" to include "testimony, writings, material objects, or other things presented to the senses that are offered to prove the existence or nonexistence of a fact."

following a "hard line" on section 190.3 discovery the trial court should ensure that the defense obtains proper notice of the *actual evidence* the prosecution intends to present in aggravation *prior to trial or as soon as feasible after discovery* of such information by the prosecution.

It must be noted that in all the postjudgment cases discussing section 190.3 notice the defendant had in fact obtained the specifics of the · evidence either prior to trial or as soon as the information was obtained by the prosecution. In every case, the information was obtained prior to the penalty phase even though continuances were necessary in several cases.

Here, the notice, gives no details of the actual evidence in aggravation the prosecution intends to introduce at the penalty phase and the record reveals the prosecution has information relating to other crimes and misconduct and to Matthews's "character in the community." Willingly or unwillingly, the prosecution must perform the mandatory duty imposed by statute and produce the information sought.

Because the defendant is entitled to the information relating to the *actual evidence* on which the prosecution intends to rely during the penalty phase, we hold that the prosecution must immediately produce and specify all evidence now available which it intends to offer during the penalty phase and must produce and specify all other evidence as soon as obtained.

## II

Respondent court has refused to follow *In re Baert, supra,* 205 Cal.App.3d 514.[4] We hold, and the prosecution concedes, that *Baert* is presently binding on the respondent court.

## DISPOSITION

Let a peremptory writ of mandate issue directing the respondent court (1) to grant Matthews's motion to require People to specify the events and witnesses now available which will be offered during the penalty phase of the trial; (2) to require the prosecution to make available to Matthews's counsel additional evidence to be offered during the penalty phase when such evidence is obtained by the prosecution; and (3) to comply with the holding set forth in *In re Baert*.

---

[4] The California Supreme Court denied review on January 19, 1989. The People's request for a stay of remittitur pending a petition to the United States Supreme Court was granted on February 7, 1989. The United States Supreme Court denied certiorari.

The stay heretofore issued by this court is vacated.

Arabian, J., and Croskey, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied June 8, 1989.